IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey Dee Gray, | 2:07-CV-01513-ATG |
| Petitioner, | ORDER |
| vs. | |
| Claude E. Finn, | |
| Respondent. | |

Jeffrey Dee Gray, serving an indeterminate life sentence for second degree murder, is before this court on his pro se petition for a writ of habeas corpus. He claims the California Board of Parole Hearings ("CBPH") violated his federal Constitutional right to due process in denying him parole. The petition is denied.

Gray's petition was stayed, together with several similar claims challenging the CBPH for its failure to grant paroles, each arguing that a California prisoner has a federal constitutional right to a parole after certain designated time conditions have been met. The reason for the stay was that this theory was being considered by the Ninth Circuit, en banc, in the case of *Hayward v. Marshall,* 06-55392, ____ F.3d ____, (April 22, 2010).

The circuit decision emphatically rejected the petitioner's theory that the Federal constitution guaranteed state prisoners any rights concerning the granting or withholding of early release, supervised or not, from lawful sentences imposed by state courts. Any rights to

particular forms of hearings, or to particular kinds of evidence considered at those hearings flow from state, not federal, law.  These state law rights may, in some cases, involve questions of minimal standards of due process, but this court does not, in this case, find it necessary to explore the boundaries of the procedures that may or may not be challenged under the Fourteenth Amendment.

This court is constrained in its consideration of prisoner petitions challenging parole decisions by 28 U.S.C. § 2254 (d):

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In this case, the Attorney General concedes that Gray exhausted his state remedies.  He challenged the failure of the CBPH to grant him a parole by filing a petition in the Alameda County Superior Court.  That court stated: "[t]he record presented to this Court for review demonstrates that there was certainly some evidence, including, but not limited to the committing offense, Petitioner's failure to establish a positive long-term history of NA and substance abuse counseling, and self-help programs.  There is nothing in the record that indicates that the Board's decision was arbitrary or capricious, nor that Petitioner's equal protection or due process rights were violated." (Ex. D at 1.)

The facts of the murder for which the petitioner was convicted, a hired killing, paid for by the wife of the victim, do not commend themselves as an optimistic character reference, when public safety is considered.  The petitioner has cited language from Ninth Circuit cases calling into question the longevity of the relevance of the evidence of the crime of conviction when the real question before the board is the risk to the public safety inherent in releasing known felons.

Studies by social scientists and anecdotal references comparing the risk of recidivism between murderers and aggressive sexual predators, for example, make interesting reading, but do not constitute "clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d) (1). Moreover, the CBPH relied on factors in addition to Gray's crime of conviction. The CBPH noted that Gray had an escalating pattern of criminality prior to his crime of conviction, has a history of discipline problems within the prison (though his recent record is free from discipline), and needs a longer positive history of substance abuse treatment.

The applicable federal law for this case, as emphasized most recently by the *Hayward* decision, is still *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1 (1979). The petition is DENIED.

Dated: April 27, 2010

/s/ Alfred T. Goodwin
_____
ALFRED T. GOODWIN
United States Circuit Judge
Sitting by designation